ON PETITION FOR REHEARING
DOWNEY, Judge.
Appellant has filed a petition for rehearing which takes the court to task, in a somewhat strident fashion, for alleged misstatements of fact and of the record. We have carefully considered the various assertions in said petition and concede that our opinion was in error regarding the initial appeal in this ease when we stated that “Savory appealed solely from the departure sentence.” What we should have said was that Savory had presented six points on appeal, none of which had merit except one having to do with the sentence.
We adhere to our opinion relative to the propriety of the permissive sentence of 7 to 22 years. While the printed form used by the trial court stated only the recommended range and did not include the permitted range, there is no question that the *3 permissive range used by the court was the accurate, existing permissive range. Thus, there was no merit in appellant’s contentions regarding the use of said range in the sentence.
With regard to the imposition of restitution two years after the original sentence, the court simply disagreed with appellate counsel and held the trial court imposed restitution at sentencing, but withheld jurisdiction to determine the amount thereof to a later date. We believe the documentation supports that conclusion.
Accordingly, we grant rehearing. The first sentence in the second paragraph on page one is deleted and, in its place and stead, the following sentence is substituted: [Editor’s Note: The sentence has been substituted for the publication of this opinion]
In all other respects the petition for rehearing is denied.
GARRETT, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.